of that which is the subject matter upon which the power given was to operate. Land cannot pass by a parol contract or declaration. It must be in writing; and therefore as Paynter Frame never executed any writing in execution of this power, the verbal declarations which he made are not sufficient to vest in Elizabeth this land. Besides, the declarations did not seem to be intended by P. Frame as an execution of the power, but merely as expressions of the intention how he would futurely exercise the discretion committed to him. The law, as the testator said, must take its course.

*Vide*. Pow. Powers 83, 84, 1 P.Wms. 740, *Longford v. Eyre,* 2 P.Wms. 258, *Wagstaff v. Wagstaff.*

## WILLIAM CARLISLE v. JOHN RUST and TRUSTEN HARDY.

Court of Chancery. Sussex. July 23, 1819.

*Ridgely's Notebook II, 467.*

## ROBERT WHITE and POLLY, his Wife, and JANE WYATT v. DANNIS MORRIS and MARY, his Wife, and JOSEPH MAUL.

Court of Chancery. Sussex. July 25, 1819.

*Ridgely's Notebook II, 472.*